IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED 98 AUG 11 PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 1 1 1998

PAULA BAIN, an individual; )
CONNIE HOPKINS, an individual, )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO. 98-G-1479-S
)
FRANK BROWN, an individual; USA )
HEALTHCARE, INC., a corporation,)
)
    Defendants. )

## MEMORANDUM OPINION

    This cause came before the court at its regularly scheduled motion docket on the motion of plaintiffs to remand the case to the Tenth Judicial Circuit. Having carefully considered the matter before it, the court holds that this is a fraud action properly filed in state court--an action to recover damages for loss of stock ownership, loss of employment and other losses as a result of the defendants' alleged misrepresentations in and surrounding the Release Agreements.

    In removing the case to federal court defendants have argued that the case falls under the Employee Retirement Income Security Act of 1974 [hereinafter ERISA] and the Consolidated Omnibus Reconciliation Act [hereinafter COBRA]. In reviewing the action before it the court finds that the sole basis of plaintiffs' fraud claims is that defendants canceled the plaintiffs' health insurance coverage and fraudulently suppressed



that material fact. Resolution of this issue does not require construction of COBRA or an ERISA health plan. Terms of the health insurance policy are irrelevant. The issue is whether defendants canceled the plaintiffs' health insurance coverage prior to plaintiffs' termination and failed to inform them of that fact.

The court holds that the relation of plaintiffs' fraud claims to ERISA is "too tenuous, or remote, or peripheral" to have these claims preempted by federal statute. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S. Ct. 2890, 77 L. Ed. 2d 503 n. 21 (1983). *See Whitt v. Sherman International Corp*, No. 97-6643, 1998 WL 429437, at 8 (11th Cir. July 30, 1998) (The Supreme Court has begun to turn the tide on the expansion of the preemption doctrine.) (referring to *New York Blue Cross v. Travelers Ins.*, 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995); *Morstein v. National Ins. Services, Inc.*, 93 F. 3d 715, 721 (11th Cir. 1996), *cert denied*, 117 S. Ct. 769, 136 L. Ed. 2d 715 (1997). The case at bar is due to be remanded.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 11th day of August 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

2